The People of the State of Illinois, Plaintiff-Appellee, *v.* Terry Lynn Reeves, Defendant-Appellant.

(No. 11909; 

Fourth District—March 27, 1973.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (James R. Coryell, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant pleaded guilty to theft of property over $150, and in a negotiated plea probation was denied and the defendant sentenced from one to four years in the penitentiary. In this court, he states that the guilty plea admonitions by the court were not properly given because (1) he was not fully advised of the consequences and (2) there was an insufficient record on the factual basis for the plea. He likewise states as error that the court abused its discretion in refusing to admit the defendant to probation. The errors assigned are without substance in this record and the judgment of the trial court is accordingly affirmed.

██ The plea negotiated was that the defendant would ask for probation, then the People would concur in whatever recommendation the probation officer made and should that recommendation be a denial of probation and followed by the court, then the People would recommend a minimum sentence of one and a maximum sentence of four years. In response to a question by the court, the defendant himself stated that he was asking the court "to go along" with the negotiated bargain. That bargain was carried out.

As to the consequences of his plea, the court advised the defendant that in this crime the sentence was one to ten, "one" meaning the least that you could be sentenced for and "ten" years the longest that you could be sentenced for. When announcing the agreement between the parties as to the plea, the State's attorney stated "* * * [W]e have agreed to recommend a minimum of one and a maximum of four years". Defendant's suggestion that the word "one" might mean one day or one month and therefore that the defendant was not fully advised of the consequences of his plea is not only grammatically an incorrect statement of what was said but is purely semantical sophistry entitled to neither merit nor weight.

As to the factual basis for the plea the State's attorney at the court's request stated that the defendant exerted unauthorized control over a 1966 Chevrolet pickup truck belonging to Robert Hays, bearing license plate No. 25872B and vehicle identification No. 246410259, that the truck was taken from behind the residence in the city of Decatur, Illinois, by the defendant and another individual, that the truck failed to function and was abandoned by the defendant. The State's attorney further stated: "We have in our possession a statement by him, written, and a report of an oral statement, both—in which both he admits to the allegations in the indictment". Defense counsel said he had nothing to supplement the statement of facts. The court then stated that since the value of the truck was of importance in determining the crime, what would the evidence show its value to be. The State's attorney stated that it was in excess of $150 in value and the defense counsel said, "Yes, Your Honor, I checked on that". The court then asked the defendant: "* * * [A]re you personally asking the court to go along with the deal, this negotiation?" Defendant answered: "Yes, sir". The court: "And Mr. Stone [defense counsel] is not forcing you in any way to accept this deal, right?" The defendant: "No, sir, he isn't". Once again it is perfectly clear from this record that there was a factual basis established for the plea as contemplated by Ill. Rev. Stat. 1971, ch. 110A, par. 402.

■■ The probation officer recommended that probation be denied. Testimony was taken and the 74-year-old grandmother and a brother of the defendant testified. The brother was on probation for Grand Theft and had as a juvenile several felony convictions by his own testimony. The defendant was in his custody on parole from the Illinois Youth Commission and within two weeks had committed this particular crime. This witness testified that he hadn't been strict enough on the defendant. The grandmother likewise had taken care of a couple of other boys and stated that since the defendant was 14 years old she had had difficulties with him. In 1966, he was placed with the grandmother. Three months

later he violated his probation and was placed with a brother. About a year later, he violated this probation. About nine months later, he again was guilty of violation and was placed in juvenile detention for two weeks. He was placed with his sister and brother-in-law in Walnut Ridge, Arkansas, on three different occasions and returned to Illinois. In 1968, he was committed to the Illinois Youth Commission. Two months later, he was transferred to Ft. Massac, State Boys Camp in Metropolis. One month later, he ran away from camp and was returned to the Reception and Diagnostic Center in Joliet, Illinois. One month later, he was again paroled. Two months later he violated parole and was returned to the Reception Center. Nine days later, he was transferred to the Illinois Industrial School for Boys, Sheridan, Illinois. Later he was paroled. About a year and a half later, there was a violation of parole through car theft and he was returned to the Reception Center in Joliet. Six weeks later, he was transferred back to Illinois Industrial School for Boys. Six months later, he was paroled to his brother in Decatur and within two weeks had committed the present crime. In the face of this record, the expression by the grandmother and the brother, and by the defendant himself that he had learned his lesson is entitled to little weight. Previous supervision has failed and there is nothing in his conduct to support a belief that further probation would be successful. The trial court stated that under these facts and circumstances probation and supervision has proven worthless. This record supports that conclusion and certainly does not justify us in concluding that there was any abuse of discretion in denying probation.

Accordingly, the judgment of the trial court should be and it is hereby affirmed.

Judgment affirmed.

TRAPP and SIMKINS, JJ., concur.